IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

DENNIS A. FORBES,

    Petitioner,

v.                                      Case No. 1:24-cv-00194

WARDEN, FCI MCDOWELL,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 15, 2024, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and a Motion for Review of Final Order of Removal (ECF No. 2). On April 25, 2024, the undersigned entered an Order and Notice directing Respondent to file a response to Petitioner's filings by June 10, 2024, and for Petitioner to reply by July 1, 2024. (ECF No. 7). Respondent filed a timely response on June 5, 2024 (ECF No. 10). However, on June 20, 2024, the Clerk's Office received and docketed a Motion for Default Judgment filed by Petitioner, which was executed by Petitioner on June 17, 2024 and placed in the mail on June 18, 2024. (ECF No. 11).

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Default judgments are not favored. It appears that, at the time that Petitioner filed his Motion for Default Judgment, he had not yet received Respondent's response. Nonetheless, the response was timely filed with the court and, thus, Respondent is not in default.

By separate Order, the undersigned has directed the Clerk to mail Petitioner another copy of Respondent's response and has granted an extension of time for Petitioner to file a reply brief. Accordingly, Petitioner can show no prejudice from the alleged failure to receive the response. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Motion for Default Judgment is not warranted. Thus, it is respectfully **RECOMMENDED** that the Motion for Default Judgment (ECF No. 11) be **DENIED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), the Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Synder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge

Faber and this Magistrate Judge.

    The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

<u>June 21, 2024</u>

                                        Dwane L. Tinsley
                                        United States Magistrate Judge