IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

DENNIS A. FORBES,

    Petitioner,

v.                    CIVIL ACTION No. 1:24-cv-00194

WARDEN, FCI MCDOWELL,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted to the court his Proposed Findings and Recommendation ("PF&R") on January 30, 2025. See ECF No. 17. He recommends that this court (1) deny petitioner's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 (ECF No. 1), (2) deny petitioner's "motion for review of final order of removal and cancellation of removal" (ECF No. 2), (3) deny petitioner's "motion to compel judgment pursuant to Federal Rules of Civil Procedure Rule 12(c)" (ECF No. 14) and (4) remove this matter from this court's docket. See ECF No. 17 at 12.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days

to object to the PF&R.  Petitioner filed objections.  See ECF No. 22.

## I.  Background

At all relevant times, petitioner was an inmate at Federal Correctional Institution McDowell in McDowell County, West Virginia.  See ECF No. 1.  He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that he has been unlawfully denied "earned time credits" under the First Step Act of 2018 ("FSA"), Pub. L. 115-135.  See ECF No. 1 at 2.  He also challenges an immigration detainer against him and insinuates that he has been unlawfully imprisoned in violation of the Eighth Amendment to the United States Constitution.  See id.

Respondent moved to dismiss the petition for four reasons: (1) petitioner did not exhaust his administrative remedies, (2) he is not eligible for earned time credits under the FSA because he has a final order of removal against him under the immigration laws of the United States, (3) this court does not have jurisdiction to review petitioner's challenge of the immigration detainer because petitioner is not in custody because of that detainer, and (4) petitioner cannot challenge the conditions of confinement in a habeas proceeding.  See ECF No. 10.  The magistrate judge agrees and recommends dismissing the petition and related motions for those reasons.

Petitioner raises two discernable objections: (1) the exhaustion requirement should be excused because the administrative process would have been futile, and (2) "the issuance of the ICE detainer violate[s] the Fourth, Fifth, and Tenth amendments to the United States [C]onstitution . . . ." See ECF No. 22.

## II.  Legal Standard

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  "A document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically, as to objections to a PF&R, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997).

3

### III. Discussion

**A.** *Administrative Exhaustion*

Petitioner concedes that he did not exhaust his administrative remedies before filing this petition.

Although § 2241 does not itself contain an exhaustion prerequisite, courts have judicially imposed a duty on prisoners to exhaust administrative remedies before bringing a claim under the statute. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); see also McClung v. Shearin, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)). Exhaustion promotes numerous objectives, including avoiding premature interruption of the administrative process, allowing the agency to develop the necessary factual background upon which decisions should be based, permitting the agency to exercise its discretion or apply its expertise, improving the efficiency of the administrative process, conserving scarce judicial resources, giving the agency a chance to discover and correct its own errors, and avoiding the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." Sites v. Warden, FCI Hazelton, No. 5:21-CV-184, 2022 WL 706959, at *1

(N.D.W. Va. Feb. 15, 2022), *report and recommendation adopted*, 2022 WL 698061 (N.D.W. Va. Mar. 8, 2022).

Even so, the court may waive exhaustion under certain circumstances, such as "when a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." Wright v. Warden, Civil Action No. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010).

In this case, petitioner asks the court to waive the exhaustion requirement under the futility exception. He argues that "exhaustion should not be required in this case because of futility, based on the following facts: he did [submit a] cop-out to R&D, BP-9 to warden, and BP-10 to regional who never reply a response." ECF No. 22 at 2.

However, as the PF&R explains, SENTRY records indicate that petitioner filed an administrative remedy at the facility level but never filed an administrative appeal after the remedy was denied. See ECF No. 17 at 6. The PF&R also explains that the administrative process would not have been futile because petitioner failed to exhaust his remedies even though he "had sufficient time to present his contentions in timely administrative remedies at every required level." See id. at 7.

5

For the reasons explained in the PF&R, this objection is **OVERRULED**.

B.  *Immigration Detainer*

Petitioner argues that he is entitled to earned time credits under the FSA because the immigration detainer against him is unlawful.  See ECF No. 22 at 2-5.

Habeas corpus relief is only available when a petitioner is "in custody" by reason of the challenged event.  See 28 U.S.C. § 2241(c); Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  An immigration detainer "does not sufficiently place an alien in ICE custody to make habeas corpus available."  Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995) (cleaned up).

Therefore, the PF&R correctly explains that petitioner cannot challenge his immigration detainer in these proceedings because he is in custody for his federal convictions from the United States District Court for the Western District of New York, not because of the detainer.  See ECF No. 17 at 11.  This objection is **OVERRULED**.

## IV. Conclusion

The court has reviewed the record, the magistrate judge's PF&R, and petitioner's objections.  For the reasons discussed above, his objections are **OVERRULED**.

The court adopts the Findings and Recommendation of Magistrate Judge Tinsley as follows:

      1.    Petitioner's petition for writ of habeas corpus (ECF No. 1) is **DENIED**;

      2.    Petitioner's "motion for review of final order of removal and cancellation of removal" (ECF No. 2) is **DENIED**;

      3.    Petitioner's "motion to compel judgment pursuant to Federal Rules of Civil Procedure Rule 12(c)" (ECF No. 14) is **DENIED**; and

      4.    This action is **DISMISSED**.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** this 18th day of March, 2025.

ENTER:

David A. Faber
Senior United States District Judge